IN the MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST John H.
BENNETT, Attorney at Law.

Supreme Court

*No. 83–2410–D. Filed December 7, 1988.*

(Also reported in 432 N.W.2d 101.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

We suspend the license of John H. Bennett to practice law in Wisconsin for a period of six months, retroactive to July 1, 1986, as discipline for professional misconduct. That misconduct consisted of his having charged and collected fees for services to be rendered on behalf of a client in a bankruptcy proceeding with respect to issues he had already

settled and his failing to remove various judgments recorded against his client but telling the client that he had.

This matter is one of six the Board of Attorneys Professional Responsibility (Board) presented in a prior disciplinary proceeding involving Attorney Bennett, *Disciplinary Proceedings Against Bennett,* 126 Wis. 2d 399, 376 N.W.2d 861 (1985). That proceeding resulted in a six-month suspension of Attorney Bennett's license to practice law as discipline for misconduct in five of those matters; action on the sixth matter was deferred pending decision of the federal district court in appeals Attorney Bennett had taken from rulings of the bankruptcy court. The district court affirmed the bankruptcy court and was, in turn, affirmed by the United States Court of Appeals for the Seventh Circuit.

Attorney Bennett was licensed to practice law in Wisconsin in 1961 and practices in Milwaukee. Prior to the disciplinary proceeding cited above, he had not been the subject of an attorney disciplinary proceeding. The referee is Attorney Robert P. Harland.

In the matter before us, the referee found that Attorney Bennett had obtained the signature of his client, Martin Thurnbauer, on a fee agreement which included charges for services to be rendered in pursuing the issues of the client's homestead exemption and the dischargeability of a judgment creditor's claim just hours after he had agreed to a compromise settlement of those issues with all other interested parties. Prior to that settlement, it had been considered that the homestead exemption issue was one of first impression and might have to be litigated in the federal courts. The referee further found that Attorney Bennett had withheld from his client the fact that

the matters had been settled and that the client would not have entered into the fee agreement had he been informed of the settlement.

In addition to that misconduct, the referee found that Attorney Bennett had agreed to have several judgments recorded against Mr. Thurnbauer removed and told Mr. Thurnbauer that he had done so, when in fact he had not.

As discipline for that misconduct, the referee recommended that the court suspend Attorney Bennett's license to practice law for a period of six months but that the period of suspension be made retroactive to July 1, 1986. The recommended retroactivity of the suspension was based on the fact that after the six-month period of the suspension imposed in the prior proceeding had expired, Attorney Bennett sought reinstatement of his license, which the Board of Attorneys Professional Responsibility opposed, asking that action on it be deferred until the appeals from the bankruptcy court decisions in the Thurnbauer matter were completed. We ultimately denied the Board's request and, by order of April 2, 1987, reinstated Attorney Bennett's license.

Due in part to the Board's opposition to the reinstatement, Attorney Bennett's license remained suspended for a period of 15 months, well beyond the six-month suspension we had imposed. Consequently, in this proceeding the Board sought and the referee recommended that discipline imposed for Attorney Bennett's misconduct in the Thurnbauer matter be made retroactive to the date the original six-month suspension was to end.

In addition to the retroactive six-month suspension, the referee recommended that Attorney Bennett be required to make restitution to Mr. Thurnbauer in

the amount of $1,000, the fee he charged and collected for the contemplated services which were rendered unnecessary by the prior settlement of the relevant issues. In the course of this disciplinary proceeding, Attorney Bennett stated that he had no objection to making that restitution.

We adopt the referee's findings of fact and conclusions of law that Attorney Bennett engaged in professional misconduct in this matter. We also accept the referee's recommendation that a six-month suspension of Attorney Bennett's license to practice law, retroactive to July 1, 1986, the date on which the suspension we imposed in the prior proceeding was to expire, is appropriate discipline for his misconduct in this matter. That is consistent with the discipline we would have imposed had the Thurnbauer matter been considered as part of the prior proceeding.

IT IS ORDERED that the license of John H. Bennett to practice law in Wisconsin is suspended for a period of six months, retroactive to July 1, 1986.

IT IS FURTHER ORDERED that within 30 days of the date of this order John H. Bennett make restitution to his former client, Martin Thurnbauer, in the amount of $1,000, provided that if restitution is not made within that time and absent a showing to this court by Attorney Bennett of an inability to make that restitution, the license of John H. Bennett to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that within 60 days of the date of this order John H. Bennett pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay

the costs within that time, the license of John H. Bennett to practice law in Wisconsin shall be suspended until further order of the court.